IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


REBECCA PADILLA FORWARD,
    Petitioner,

vs.                                    Case No. 5:07cv245/SPM/EMT

WALTER A. McNEIL,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    Now pending is Respondent's response (Doc. 14) to the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1).  Respondent seeks dismissal of the petition on the basis that it was untimely filed pursuant to 28 U.S.C. § 2244(d).  Petitioner filed a response contending that the petition was timely (Doc. 21).

    This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

    The procedural background of this case is established by the state court record (Doc. 14, Exhibits).  On August 13, 2001, Petitioner and two co-defendants were charged by indictment in the Circuit Court for Jackson County, Florida, with one count each of first degree felony murder, robbery with a firearm, and burglary with a firearm (Doc. 14, Ex. A).  On February 28, 2002, Petitioner and the State entered a written plea agreement whereby Petitioner agreed to plead guilty to all counts as charged, including subsequent charges of introduction of contraband into a correctional facility and violation of probation (VOP), and agreed to a sentence of life without the possibility of parole and concurrent sentences on the other charges (Doc. 14, Ex. B).  The trial court accepted the plea, and on June 13, 2002, Petitioner was adjudicated guilty and sentenced to life imprisonment without parole on the felony murder charge, 150 years of imprisonment on each of the robbery and burglary charges, to run concurrently with the life sentence on the felony murder

charge, and time served on the remaining charges (Doc. 14, Exs. C, D). Petitioner, through counsel, filed a notice of appeal with the Florida First District Court of Appeal (First DCA). On April 3, 2003, Petitioner's counsel filed a motion to withdraw the notice of appeal, and the First DCA dismissed the appeal on April 9, 2003 (Doc. 14, Exs. E, F, G).

On August 19, 2003, Petitioner filed a petition for belated appeal in the First DCA (Doc. 14, Ex. H). The First DCA denied the petition per curiam without written opinion on December 11, 2003 (Doc. 14, Ex. J). Forward v. State, 861 So. 2d 1154 (Fla. 1st DCA Dec. 11, 2003) (Table).

On August 15, 2003, Petitioner filed a "Motion to Correct Sentence Not in Compliance to Oral Pronouncement" with the trial court (Doc. 14, Ex. K at 1–3). On January 20, 2004, Petitioner filed a motion for postconviction relief in the trial court pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 14, Ex. K at 7–17). The trial court originally dismissed both motions for lack of jurisdiction on the ground that Petitioner's petition for belated appeal was pending (*id.* at 19–20); however, the court reinstated the motions upon learning that the petition for belated appeal had been dismissed (*id.* at 24–25). On May 3, 2005, the trial court entered orders denying each post-conviction motion (*id.* at 113–45, 146–220). Petitioner appealed the decisions to the First DCA, but the appellate court affirmed per curiam on October 20, 2005, with the mandate issuing November 15, 2005 (Doc. 14, Exs. M, N). Forward v. State, 913 So. 2d 87 (Fla. 1st DCA Oct. 20, 2005).

On October 10, 2007, Petitioner filed the instant federal habeas petition (Doc. 1 at 8).

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, Petitioner does not assert that a government-created impediment to her filing existed, that she bases any claims on a right newly recognized by the Supreme Court, or that the facts supporting her claims could not have been discovered through the exercise of due diligence before the date her conviction became final. Thus, the statute of limitations must be measured from the remaining statutory trigger, which is the date on which her conviction became final. *See* 28 U.S.C. § 2244(d)(1). The Eleventh Circuit has not addressed the issue of the date a conviction becomes final when a direct appeal is voluntarily dismissed, that is, whether the conviction becomes final on the date of the court's order dismissing the appeal or ninety (90) days thereafter. This issue is not dispositive of the timeliness issue in the instant case because even if Petitioner received the benefit of the additional ninety (90) days, her petition would be untimely. Assuming arguendo that Petitioner's conviction became final on July 8, 2003, ninety (90) days from the date of the First DCA's order dismissing her appeal, the federal limitations period expired one year later, on July 8, 2004.

Even though Petitioner did not file her federal petition on or before July 8, 2004, she may be entitled to review of his petition if the limitations period was tolled pursuant to statutory tolling principles. Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the record shows that on August 15, 2003, thirty-seven (37) days after the federal limitations period commenced, Petitioner filed a motion to correct sentence. This post-conviction motion was pending until November 15, 2005, upon issuance of the First DCA's mandate affirming the trial court's decision. *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court). Respondent concedes that Petitioner is entitled to statutory tolling for this period (Doc. 14 at 6). The federal limitations period expired three hundred twenty-eight (328) days later on October 10, 2006. Because Petitioner filed her federal petition on October 10, 2007, one year after the federal limitations period expired, the instant petition is untimely.

Petitioner contends she is entitled to equitable tolling of the limitations period because she was never notified of the First DCA's decision affirming the trial court's denial of her post-conviction motions until April 29, 2008, when she received a copy of Respondent's response to her § 2254 petition (Doc. 21 at 5–6). She thus argues she is entitled to equitable tolling from November

15, 2005, the date of the First DCA's mandate, to October 10, 2007, the date she filed the instant petition.

"Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001). However, equitable tolling is an extraordinary remedy that is applied sparingly; indeed, it is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also* Wade v. Battle, 379 F.3d 1254, 1264–65 (11th Cir. 2004) (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002) and Sandvik, *supra*). "The focus of the inquiry regarding 'extraordinary circumstances' is 'on the circumstances surrounding the late filing of the habeas petition' and not on the circumstances of the underlying conviction, and whether the conduct of others prevented the petitioner from timely filing." Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006) (quoting Helton, 259 F.3d at 1314–15) (citing Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, --- U.S. ---, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007)). The burden of establishing entitlement to this extraordinary remedy rests with Petitioner, *see* Wade, *supra*; Drew, *supra*, thus Petitioner's burden is to show extraordinary circumstances that were both beyond his control and unavoidable even with his own exercise of diligence.

The Eleventh Circuit has explained that "[a] lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition." Drew, 297 F.3d at 1288 (citations omitted). If Petitioner cannot establish due diligence, this court need not consider whether extraordinary circumstances existed. Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 n.7 (11th Cir. 2004).

Even assuming that Petitioner did not receive the appellate court's decision until after she filed the instant federal petition, she does not allege that she made any attempt to ascertain the status of her appeal from the Clerk's office, a burden necessary to sustaining her claim of extraordinary circumstances. Indeed, far from depicting diligent efforts to learn about the case, Petitioner allowed over two (2) years to elapse between the filing of her notice of appeal with the First DCA in May of 2005, and the filing of her § 2254 petition in this court without ever contacting the First DCA to inquire as to the status of her appeal. In the absence of any showing of diligence, Petitioner cannot

be entitled to the rare and extraordinary remedy of equitable tolling.[1]  *See, e.g.,* Helton, 259 F.3d at 1313–14 (denying equitable tolling to inmate whose counsel misinformed him about AEDPA time limit and whose prison library allegedly lacked copies of relevant law in light of petitioner's failure to state any "independent efforts" that he made to ascertain deadline); Wiggins v. Thompson, 197 Fed. Appx. 822, 824 (11th Cir. 2006) (denying equitable tolling to inmate where state court judge informed inmate at post-conviction evidentiary hearing in December of 2001 that a decision would be issued in 40 to 60 days, the state habeas court did not issue its decision until August of 2003, and inmate claimed he did not receive a copy of the decision until September 25, 2003; inmate failed to demonstrate that, during this extended period, he made an attempt to learn the status of his case).

Based upon the foregoing analysis, Petitioner's federal petition was filed beyond the 365-day federal time limit and, therefore, should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** with prejudice as untimely.

At Pensacola, Florida, this 25th day of September 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The case of Knight v. Schofield, 292 F.3d 709 (11th Cir. 2002) is distinguishable from the instant case. In Knight, the Eleventh Circuit held that a petitioner was entitled to equitable tolling of the AEDPA's statute of limitations because, despite his diligence, he did not learn about the state court's disposition of his state habeas corpus petition until eighteen months after the petition had been denied. At the time that he filed his motion for discretionary review of his state petition in the Supreme Court of Georgia, "Knight asked the clerk of the court when he could expect a ruling. He was informed that he would be notified as soon as a decision was issued." 292 F.3d at 710. When more than a year had passed after he had made his initial inquiry and been assured that he would receive notification from the Clerk, Knight again contacted the Clerk for information, at which time he found out that the petition had been denied eighteen months earlier. In holding that Knight was entitled to equitable tolling, a panel of the Eleventh Circuit explained that "[i]t is understandable that Knight did not make any inquiries until February of 1998 because the Georgia Supreme Court clerk had assured him that he would be notified as soon as a decision was made." *Id.* at 711 (emphasis added). The Court went on to note "that not in every case will a prisoner be entitled to equitable tolling until he receives notice. Each case turns on its own facts. In this case Knight was assured that the court would contact him, then demonstrated diligence in pursuing information when it did not do so." *Id.* Unlike Knight, Petitioner did not contact the Clerk's office at or near the time that she filed the appeal and, most importantly, she received no assurances from the Clerk on which to rely. Petitioner simply waited over two years "feeling that no news was good news," and then "took a chance" by filing the federal habeas petition (Doc. 21 at 5). These facts, as opposed to those in Knight, support a finding of a lack of diligence required to allow equitable tolling.

Case No.: 5:07cv245/SPM/EMT

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**