**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

REBECCA PADILLA FORWARD ,

        Petitioner,

vs.                               CASE NO.: 5:07cv245-SPM/EMT

WALTER A. McNEIL,

        Respondent.

_____/

**<u>ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION</u>**

       THIS CAUSE comes before the Court on the Magistrate Judge's Report
and Recommendation (doc. 23) that this petition for writ of habeas corpus be
dismissed with prejudice because the writ is untimely.  In response, Petitioner
has requested an extension of time to file her objections to the Report and
Recommendation (doc. 25).  This time is requested in order for Petitioner to
have more time to obtain and review  mail logs of the Lowell and the Homestead
Correctional Institutions.  Petitioner argues that these documents will show that
Petitioner never received notice that her post-conviction appeal had been
dismissed.  Additionally, Petitioner requests an order from this Court ordering
Respondent to provide these logs to Petitioner (doc. 26).

A one-year limitations period applies to § 2254 petitions.  28 U.S.C. § 2244(d)(1).  The one-year period in this case started from "the date on which the judgment [of the State court] became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  28 U.S.C. § 2244(d)(1)(A).  The time for filing a § 2255 motion can be adjusted by equitable tolling, which is an extraordinary remedy that is available in limited circumstances.  Jones v. United States, 304 F.3d 1035, 1038-39 (11th Cir. 2002).

Petitioner is not entitled to equitable tolling because she has not shown that she diligently attempted to ascertain the status of her direct appeal to the Florida First District Court of Appeal ("First DCA").  The Magistrate Judge correctly found that Petitioner's failure to receive notice of the dismissal of her appeal is insufficient to demonstrate *her* diligent efforts made in order to timely file her petition. "A lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition." Drew v. Dep't of Corr., 297 F.3d 1278, 1288 (11th Cir. 2002).

Therefore, even if this Court compels Respondent to provide the mail logs, this documentation will still be insufficient to demonstrate the extraordinary nature of the circumstances that prevented Petitioner's timely filing of this petition.  Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)

("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are *both* beyond his control and unavoidable even with diligence") (emphasis added).  This Court's review of mail logs from the Department of Corrections could only show whether Petitioner received mail from the Florida state courts.  It would not show that Petitioner took initiative to make attempts to obtain the status of her appeal to the First DCA.  The Eleventh Circuit instructs that if this due diligence is not established, then there is no basis upon which to conclude that there were extraordinary circumstances present that provide a basis for equitable tolling.  <u>Diaz v. Sec'y for Dep't of Corr.</u>, 362 F.3d 698, 702 n.7 (11th Cir. 2004).

Accordingly, it is hereby ORDERED and ADJUDGED as follows:

1.      The Magistrate Judge's Report and Recommendation (doc. 23) is ***adopted*** and incorporated by reference in this order.

2.      Petitioner's motion for an extension of time to file objections to the Report and Recommendation (doc. 25) is hereby ***denied***.

3.      Petitioner's motion to compel (doc. 26) is hereby ***denied***.

4.      Petitioner's § 2254 petition for writ of habeas (doc. 1) is hereby ***dismissed with prejudice***.

DONE AND ORDERED this twenty-fourth day of November, 2008.


_s/ Stephan P. Mickle_

Stephan P. Mickle
United States District Judge